ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-129[1]

| | | |
|---|---|---|
| **HAYDEE MUNDO ARROYO**<br><br>Recurrida<br><br><br>v.<br><br>**EDGARDO BENIQUEZ SANTIAGO**<br><br>Peticionario | TA2025CE00404 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br><br>Caso Núm.:<br>**SJ2024CV10828**<br><br><br>Sobre:<br>Incumplimiento de Contrato y otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparece ante nos el señor Edgardo Beníquez Santiago (Sr. Beníquez Santiago o parte peticionaria) mediante una *Moción urgente en auxilio de jurisdicción* y un recurso de *certiorari*. Nos solicita que (1) ordenemos la suspensión de los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI);

---

[1] Mediante la Orden Administrativa OATA-2025-172 de 5 de septiembre de 2025, se modifica la integración del Panel debido a que el Juez Robles Adorno se encuentra fuera del Tribunal por causas justificadas.

y (2) que se expida el recurso de *certiorari* y, en su consecuencia, revoquemos una *Resolución sobre anotación de rebeldía* emitida el 24 de abril de 2025 por el foro primario.[2]

Por los fundamentos que pormenorizamos a continuación, denegamos expedir el auto solicitado y declaramos No Ha Lugar la solicitud en auxilio de jurisdicción.

## I.

El caso de marras tiene su génesis el 22 de noviembre de 2024 cuando la señora Haydée Mundo Arroyo (Sra. Mundo Arroyo) presentó una *Demanda* en concepto de incumplimiento, daños y perjuicios, resolución o modificación de contrato, y cobro de dinero.[3] Alegó que, como parte de una compraventa, el Sr. Beníquez Santiago se obligó a pagarle a FirstBank la hipoteca existente sobre una propiedad localizada en la Urb. Monte Flores Calle Las Violetas en San Juan. Sostuvo la Sra. Mundo Arroyo que, en varias ocasiones desde el 2019, intentó obtener préstamos o crédito de instituciones, pero la rechazaron por los pagos tardíos del préstamo de hipoteca. Igualmente, adujo que lo anterior afectó su puntuación de crédito. Por ende, solicitó una suma no menor a $10,000.00.

Posteriormente, el 24 de abril de 2025, el foro primario emitió una *Resolución sobre anotación de rebeldía* en contra del Sr.

---

[2] Apéndice del recurso de *certiorari*, Anejo 3. Notificada y archivada en autos el 24 de abril de 2025, págs. 8-9.
[3] *Íd.*, Anejo 2, págs. 3-7.

Beníquez Santiago. Fundamentó su dictamen en que emplazaron personalmente al Sr. Beníquez Santiago el 20 de marzo de 2025, y, por ende, el término para presentar su alegación responsiva transcurrió en exceso de los treinta (30) días que provee las Reglas de Procedimiento Civil, 32 LPRA Ap. V, para ello.

Así, el 27 de mayo de 2025, el Sr. Beníquez Santiago radicó una *Moción de Desestimación*, al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2.[4] Planteó que procedía que el foro *a quo* desestimara la demanda, ya que venció el término dispuesto en ley para reclamar daños y perjuicios, y el 23 de agosto de 2024, pagó la hipoteca, por lo que la Sra. Mundo Arroyo no tenía derecho a remedio alguno.

El 13 de junio de 2025, el foro primario emitió una *Resolución Interlocutoria* en la que dio por no puesta la petición de desestimación, toda vez que le anotó la rebeldía al Sr. Beníquez Santiago el 24 de abril de 2025.[5]

Inconforme, el Sr. Beníquez Santiago presentó una *Moción de reconsideración* el 29 de junio de 2025.[6]

---

[4] *Íd.*, Anejo 6, págs. 12-44.
[5] *Íd.*, Anejo 7, págs. 45-46. Notificada y archivada en autos el 16 de junio de 2025.
[6] *Íd.*, Anejo 10, págs. 49-56.

El 3 de julio de 2025, el TPI emitió un *Orden* en la que ordenó a la Sra. Mundo Arroyo a fijar su posición dentro de veinte (20) días, contados a partir de la petición de reconsideración.[7]

Posteriormente, el 22 de julio de 2025, la Sra. Mundo Arroyo radicó una *Moción en cumplimiento de orden sobre reconsideración.*[8] Arguyó que, sesenta y seis (66) días luego de haber sido emplazado y treinta y tres (33) días después de haberse anotado la rebeldía, el Sr. Beníquez Santiago compareció mediante una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* sin argumentar nada respecto a la anotación de rebeldía. Expuso que el Sr. Beníquez Santiago no expresó causa justificada fuera de que la anotación de rebeldía carecía de efecto jurídico por incumplir con su interpretación de la Regla 45.1 de Procedimiento Civil, *supra,* R. 45.1. Por ende, suplicó del TPI que denegara el levantamiento de la anotación de rebeldía. En la alternativa, solicitó que se levantara dicha anotación y se denegara la moción de desestimación presentada por el Sr. Beníquez Santiago.

El 7 de agosto de 2025, el foro primario emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la petición de reconsideración presentada por el Sr. Beníquez Santiago.[9]

---

[7] *Íd.*, Anejo 12, pág. 59. Notificada y archivada en autos el 7 de julio de 2025.
[8] *Íd.*, Anejo 14, págs. 63-70.
[9] *Íd.*, Anejo 1, págs. 1-2. Notificada y archivada en autos el 7 de agosto de 2025.

Además, el 15 de agosto de 2025, dicho tribunal emitió una *Orden* donde transfirió la vista en rebeldía para el 9 de septiembre de 2025 a las 2:00pm, mediante videoconferencia.[10]

Insatisfecho, el Sr. Beníquez Santiago presentó el recurso de *certiorari* ante nos el 4 de septiembre de 2025, y planteó los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR ORDEN ANOTANDO LA REBELDÍA AL COMPARECIENTE, CUANDO NO CUMPLIÓ CON LOS REQUISITOS DE LA REGLA 45 Y 34.3 (B) (3) DE LAS DE PROCEDIMIENTO CIVIL.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ANOTAR LA REBELDÍA AL PETICIONARIO AUN CUANDO ESTE HA COMPARECIDO DEMOSTRANDO SU INTERÉS DE DEFENDERSE Y HA EVIDENCIADO QUE LA RECURRIDA NO TIENE UNA CAUSA DE ACCIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO, DEFENSA PERMITIDA AÚN CUANDO SE HAYA ANOTADO LA REBELDÍA A UN LITIGANTE.

En síntesis, sostuvo que incumplió con el término de treinta (30) días para contestar la demanda, pues "estaba haciendo acopio de los documentos que se unieron a la referida Moción de Desestimación y que se unen aquí como parte del apéndice, páginas12-44".

Al día siguiente, el Sr. Beníquez Santiago también radicó una *Moción urgente en auxilio de jurisdicción* para que ordenáramos la

---

[10] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 23. Notificada y archivada en autos el 18 de agosto de 2025; Apéndice del recurso de *certiorari*, Anejo 8, pág. 47. Notificada y archivada en autos el 16 de junio de 2025.

suspensión de los procedimientos ante el foro primario hasta tanto se resolviera el auto de *certiorari*.

Hemos examinado con detenimiento el recurso sometido por el Sr. Beníquez Santiago y optamos por prescindir de los términos, escritos o procedimientos ulteriores, esto con el propósito de lograr su más justo y eficiente despacho. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487

(2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336-337 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra*, pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del

Reglamento del Tribunal de Apelaciones, *supra,* R. 40, instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la faculta discrecional de expedir un auto de *certiorari.* Estos factores son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra,* págs. 96-97.

**III.**

Luego de un análisis objetivo y cuidadoso del expediente del TPI y del recurso de *certiorari*, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos.

**IV.**

Por las razones discutidas anteriormente:

(1) Declaramos No Ha Lugar la *Moción urgente en auxilio de jurisdicción.*

(2) y denegamos la expedición del recurso de *certiorari*.

Notifíquese **inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones